**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE ROWE COMPANIES | ) | Case No. 06-11142-SSM |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ROWE FURNITURE, INC. | ) | Case No. 06-11143-SSM |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| STOREHOUSE, INC. | ) | Case No. 06-11144-SSM |
| | ) | |
| Debtor. | ) | |
| | ) | |

**MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION FOR AN ORDER
PROVIDING THAT CREDITORS' COMMITTEES ARE NOT AUTHORIZED OR
REQUIRED TO PROVIDE ACCESS TO CONFIDENTIAL INFORMATION
OF THE DEBTORS OR TO PRIVILEGED INFORMATION**

The debtors and debtors-in-possession[1] in the above-captioned cases (hereafter, the "Debtors"), by their undersigned counsel, hereby move this Court for the entry of an order, the proposed form of which is attached hereto as Exhibit A, pursuant to sections 105(a), 1102, and 1103 of title 11 of the United States Code, providing that the creditors' committees appointed pursuant to section 1102(a) of the Bankruptcy Code in these cases are not authorized or required, pursuant to newly enacted section 1102(b)(3)(A) of the Bankruptcy Code, to provide access to

---

[1] The Debtors are the following entities: The Rowe Companies ("TRC"); Rowe Furniture, Inc. ("Rowe Furniture"); and Storehouse, Inc. ("Storehouse") (sometimes referred to collectively herein as the "Company").

H. Jason Gold, Va. Bar No. 19117
Valerie P. Morrison, Va. Bar No. 24565
Dylan G. Trache, Va. Bar No. 45939
Rebecca L. Saitta, Va. Bar No. 65408
WILEY REIN & FIELDING LLP
7925 Jones Branch Drive, Suite 6200
McLean, Virginia 22102
(703) 905-2800
*Counsel to the Debtors and Debtors-in-Possession*

the Debtors' confidential or privileged information to the creditors that they represent (the "Motion"). In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1. On September 18, 2006 (the "Petition Date"), the Debtors filed with the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division (the "Court") their respective voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "Bankruptcy Code") commencing the above-captioned chapter 11 cases. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors have, pursuant to a separate motion, moved this Court for an order authorizing the joint administration of these chapter 11 cases.

2. On September 27, 2006, the Office of the United States Trustee appointed Official Committees of Unsecured Creditors (each a "Creditors' Committee", collectively, the "Creditors' Committees") in both the Storehouse and Rowe Furniture cases. No creditors' committee was appointed in the TRC case, nor has a trustee or examiner been appointed in any of the cases.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157 (b).

4. The statutory predicates for the relief requested herein are sections 105, 1102, and 1103 of the Bankruptcy Code.

## BACKGROUND

**A.    Current Business Operations**

5. Rowe Furniture has been a leading manufacturer of fine upholstered furniture for

2

the past 60 years. The Company began operations in 1946. Over the years the Company significantly grew, expanding its Virginia plant and adding a second factory in Missouri in 1968. In 1999, the Company added a retail segment through the acquisition of Storehouse, and the name of the Company changed from Rowe Furniture Corporation to The Rowe Companies. TRC owns 100% of the stock of Rowe Furniture and Storehouse.

6. Rowe Furniture, the manufacturing segment, produces quality upholstered furniture serving the middle and upper middle market primarily through home furnishings retailers throughout the United States, including Storehouse, which is its largest customer. Rowe Furniture owns four production facilities located in Elliston, Virginia, Salem, Virginia, Poplar Bluff, Missouri and Morehouse, Missouri. Two facilities manufacture upholstered furniture. The remaining two facilities manufacture frames and wood components in addition to kiln-drying lumber for outside customers.

7. Storehouse is a multi-channel, lifestyle home furnishings business consisting of approximately 70 retail home furnishings stores ranging in size from 4,000 to 18,000 square feet and located in the Southeast, Southwest and Mid-Atlantic markets, and three distribution centers. Storehouse also sells home furnishings through its catalogue and over the Internet.

8. The Company's headquarters is located in McLean, Virginia. TRC is a publicly traded company, listed on the American Stock Exchange. As of the Petition Date, the Company employed approximately 2,100 full-time employees. None of the Company's employees are covered under a collective bargaining agreement.

B. **Events Leading to the Filing of the Reorganization Cases**

9. In the past few years, the manufacturing segment has faced increasing price competition from foreign manufacturers, particularly in Asia, which has negatively impacted

3

sales. Manufacturing also experienced setbacks implementing its Enterprise Resource Planning ("ERP") system in 2005, which resulted in disrupted product flow, reduced orders and lower shipments in 2005 and 2006. Storehouse likewise has suffered from industry specific challenges that have negatively impacted profitability, including an industry-wide downward trend in consumer furniture purchasing. Despite the Company's efforts to reduce costs and implement sales growth initiatives, the manufacturing and retail segments have not to date generated sufficient profits from operations to cover their respective shares of interest expense, corporate overhead and capital expenditures. The Company filed for chapter 11 relief in order to effectuate a long-term restructure of the Company, including the proposed sale of all or substantially all of the assets of Storehouse.

## RELIEF REQUESTED

10. The Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") was enacted on April 20, 2005, with the majority of its provisions to become effective on October 17, 2005. BAPCPA amends section 1102 of the Bankruptcy Code to include paragraph (b)(3)(A), which requires an unsecured creditors' committee, appointed pursuant to § 1102(a), to "provide access to information for creditors who hold claims of the kind represented by that committee; and are not appointed to the committee." 11 U.S.C. §1102(b)(3)(A). The Debtors respectfully submit that this subsection of the new law is ambiguous and the lack of specificity could arguably be interpreted in a manner that would create significant problems for both the Debtors and the Creditors' Committees, specifically with respect to the dissemination of both confidential and privileged information, as set forth below. Accordingly, the Debtors seek entry of an order clarifying that the Creditors' Committees are not authorized or required to provide access to Privileged Information or Confidential Information (as defined below) to any creditor

4

represented by the Creditors' Committees absent further order of this Court. The relief requested herein will assist the Creditors' Committees in complying with their statutory obligations and will help ensure that confidential, privileged, proprietary and/or material non-public information will not be disseminated to the detriment of the Debtors' estates.

**BASIS FOR RELIEF**

11. While § 1102(b)(3)(A) requires a creditors' committee to provide its constituents with access to information, the amendment offers no guidance as to the type and extent of information to be provided. At its extreme, the broad language used in § 1102(b)(3)(A) could arguably be interpreted as requiring a committee to provide access to all information provided by the debtor or obtained as a result of the committee's investigations, regardless of whether the information is confidential, privileged, proprietary or material non-public information. While the Debtors do not believe that this interpretation is correct, a clarification of the committee's obligations is critical to facilitate the Creditors' Committees' compliance with their statutory obligations, while at the same time protecting the Debtors' sensitive information.

12. First, the ambiguities in § 1102(b)(3)(A) raise the issue of whether a committee could be obligated to provide a constituent creditor with the Debtors' confidential and other non-public proprietary information (the "Confidential Information").[2]

---

[2] For purposes of this Motion, the term "Confidential Information" shall mean any nonpublic information of the Debtors, including, without limitation, information concerning the Debtors' assets, liabilities, business operations, projections, analyses, compilations, studies, and other documents prepared by the Debtors or their advisors or other agents, which is furnished, disclosed, or made known to the Creditors' Committee(s), whether intentionally or unintentionally and in any manner, including written form, orally, or through any electronic, facsimile or computer-related communication. Confidential Information shall include (a) any notes, summaries, compilations, memoranda, or similar written materials disclosing or discussing Confidential Information; (b) any written Confidential Information that is discussed or presented orally; and (c) any other Confidential Information conveyed to the Creditors' Committee(s) orally that the Debtors or their advisors or other agents advise the Creditors' Committee(s) should be treated as confidential.

5

13. The perceived ambiguities of § 1102(b)(3)(A) require further clarification with respect to a committee's obligation to provide a creditor with information that is protected by the work-product doctrine, attorney-client privilege, or other applicable state or federal privilege, whether such privilege is solely controlled by the committee or is a joint privilege with the debtor or a third party (collectively the "Privileged Information").

14. It is clear that nothing in the statute itself requires, or even authorizes, the dissemination of Confidential Information or the disclosure of Privileged Information.

15. The legislative history is also ambiguous, offering no further guidance as to a committee's obligations pursuant to § 1102(b)(3)(A).

16. Requiring or authorizing the Creditors' Committees to provide access to Confidential Information would frustrate the Debtors' restructuring effort and cause serious harm to the Debtors' estates, especially in light of the fact that the Debtors operate in a highly competitive industry. For example, the dissemination of the Debtors' Confidential Information could result in the Debtors' business strategies becoming known to the Debtors' competitors. In addition, certain Confidential Information, such as compensation levels and other employee information, is of a sensitive nature. Disclosure of such information could cause serious and disruptive problems for the Debtors and could potentially violate federal and state privacy laws. Finally, in the absence of appropriate protections for the Confidential Information, the Debtors may be hesitant or unwilling to share such information with the Creditors' Committees, which would surely impede the Creditors' Committees' abilities to perform their statutory obligations.

17. The disclosure of Privileged Information would also pose a significant threat to the Debtors' restructuring efforts. Requiring the Creditors' Committees to provide access to Privileged Information would eviscerate the purpose of the privileges and prevent the Debtors

and the Creditors' Committees from obtaining the unfettered legal advice that such privileges are designed to encourage. Notwithstanding the foregoing, the Debtors do not seek to prohibit the Creditors' Committees from providing access to Privileged Information to a requesting creditor where: (i) such Privileged Information is not Confidential Information; and (ii) the applicable privilege is held and controlled solely by the Creditors' Committee.

18. Notwithstanding the relief requested herein, the Creditors' Committees will remain obligated to comply with their obligations pursuant to § 1102(b)(3)(A) of the Code and provide their constituents with access to information concerning the Debtors. The Creditors' Committees will be permitted to respond to inquiries from the creditors they represent and provide responsive information, as long as no Confidential Information or Privileged Information is disclosed. Of course, in connection with seeking approval of a plan or reorganization, the Debtors will provide their creditors with additional material information in a disclosure statement pursuant to §1125(b). Accordingly, the relief requested by this Motion strikes an appropriate balance by respecting the Creditors' Committees' statutory obligations and ensuring that the Debtors' creditors are provided sufficient information, while at the same time protecting the dissemination of Confidential Information and the disclosure of Privileged Information.

19. Accordingly, the Debtors request that the Court enter an Order, the proposed form of which is attached hereto as Exhibit A, providing that the Creditors' Committees are not authorized or required, under § 1102(b)(3)(A) of the Code, to provide the creditors they represent with access to Confidential Information or Privileged Information, as defined in this Motion.

20. Based upon the ambiguities presented by §1102(b)(3), similar orders clarifying this provision has been granted in other large chapter 11 cases. *See, e.g., In re Radnor Holdings Corp. et al.,* Case No. 06-10894 (Bankr. D. Del. Sept. 19, 2006); *In re Refco. Inc., et al.,* Case

No. 05-60006 (Bankr. D. Del. Dec. 23, 2005); *In re FLYi, Inc., et al.,* Case No. 05-20011 (Bankr. D. Del. Nov. 17, 2005); *In re Riverstone Networks, Inc., et al.,* Case No. 06-10110 (Bankr. D. Del. April 11, 2006).

## NOTICE

21.  Notice of this Motion has been provided in accordance with the Case Management Order entered on September 20, 2006.

## WAIVER OF MEMORANDUM OF LAW

22.  Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion, the Debtors request that the requirement that all motions be accompanied by a separate written memorandum of law be waived.

## NO PRIOR REQUEST

23.  No previous request for the relief sought in this Motion has been made to this Court in these bankruptcy cases.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto as Exhibit A, (i) granting the relief requested herein, and (ii) granting such other and further relief as is just and proper.

        Respectfully submitted

        THE ROWE COMPANIES,
        ROWE FURNITURE, INC.
        STOREHOUSE, INC.

        By Counsel

WILEY REIN & FIELDING LLP
7925 Jones Branch Drive, Suite 6200
McLean, Virginia  22102
Telephone: (703) 905-2800
Facsimile: (703) 905-2820


By:     /s/ Rebecca L. Saitta
      H. Jason Gold, Va. Bar No. 19117
      Valerie P. Morrison, Va. Bar No. 24565
      Dylan G. Trache, Va. Bar No. 45939
      Rebecca L. Saitta, Va. Bar No. 65408

*Counsel to the Debtors and Debtors-in-Possession*

WRFMAIN 12539240.1